# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS L. MONTGOMERY,<br><br>                      Petitioner,<br><br>    v.<br><br>UNNAMED RESPONDENTS,<br><br>                      Respondent. | Civil No.   12-0248 AJB (BGS)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

      Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## FAILURE TO SATISFY FILING FEE REQUIREMENT

      Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. See Rule 3(a), 28 U.S.C. foll. § 2254.

## FAILURE TO NAME PROPER RESPONDENT

      Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to

1 name a proper respondent. See id.

2 The warden is the typical respondent. However, "the rules following section 2254 do not
3 specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the
4 institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal
5 institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a
6 petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall
7 be the state officer who has official custody of the petitioner (for example, the warden of the
8 prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

9 A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]
10 habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The
11 actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v.
12 Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of
13 habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the
14 body" if directed to do so by the Court. "Both the warden of a California prison and the Director
15 of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d
16 at 895.

17 Here, Petitioner has not named a Respondent. In order for this Court to entertain the
18 Petition filed in this action, Petitioner must name the warden in charge of the state correctional
19 facility in which Petitioner is presently confined or the Director of the California Department
20 of Corrections. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam)
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## CONCLUSION AND ORDER

In light of the above, the Court **DISMISSES** the case without prejudice and with leave to amend for Petitioner's failure to either pay the filing fee or provide adequate proof of his inability to pay the fee, and name a proper respondent. If Petitioner wishes to proceed with this case, he must submit, **no later than April 10, 2012,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee AND a First Amended Petition. *The Clerk of Court is directed to send a blank Southern District of California In Forma Pauperis Application and blank First Amended Petition form to Petitioner along with a copy of this Order.*

**IT IS SO ORDERED.**

**DATED: February 1, 2012**

_____
**Hon. Anthony J. Battaglia**
**U.S. District Judge**