UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS L. MONTGOMERY,  ) <br> ) <br> Petitioner,  ) <br> ) <br> v.  ) <br> ) <br> ) <br> MATTHEW CATE, Secretary,  ) <br> ) <br> Respondent.  ) <br> ) <br> ) <br> _____ ) | Civil No. 12cv248 AJB (DHB) <br><br> ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS. <br><br> (Doc. No. 12.) |

On January 30, 2012, Petitioner Travis L. Montgomery, a prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in San Diego County Superior Court for conspiracy to rob and attempted robbery, and possession of a firearm by a felon. (Doc. No. 1.) On March 19, 2012, Petitioner filed his first Amended Petition, (Doc. No. 4). On June 12, 2012, Respondent answered, (Doc. No. 9). Petitioner did not file a Traverse. On August 30, 2012, United States Magistrate Judge Bartick issued his report and recommendation ("R&R") that the petition should be denied. (Doc. No. 12.) On September 26, 2012, the Petitioner filed an objection to the R&R, (Doc. No. 14), which the Court considered before issuing this Order.

## *Background*

On November 19, 2007, Petitioner and two co-defendants were charged in San Diego Superior Court on a seven count Consolidated Amended Information, and tried jointly before the same jury. (Doc. No. 12, p. 2-3.) Subsequently, the jury found Petitioner guilty of all charges against him, including: conspiracy to rob and robbery of Skyline Farms Market; conspiracy to rob and attempted robbery of the Eastridge Liquor Store; and possession of a firearm by a felon. (*Id.,* p. 3.) The jury also found true allegations that four of the crimes were committed for the benefit of a gang, a principle was personally armed with a handgun, and that Petitioner had two former juvenile robbery convictions that qualified as strikes under the California Three Strikes law. (*Id.*) On January 23, 2009, the trial court denied Petitioner's motion to dismiss the prior strike allegations. (*Id.*) Petitioner was sentenced to 50 years to life plus 11 years in state prison. (*Id.*) On direct appeal, the Court of Appeal reversed Petitioner's convictions for the Skyline Farms Market robbery, however rejected Petitioner's other claims and affirmed his remaining convictions. (*Id.*) Petitioner's sentence was reduced to 25 years to life plus 11 years. (*Id.*) On December 21, 2012, the California Supreme Court denied Petitioner's Petition for Review without comment. (*Id.*)

In the instant Petition for Writ of Habeas Corpus, Petitioner states two grounds for relief, that the trial court erred by: (1) allowing his juvenile adjudications to be used as "strikes" to enhance his sentence; and (2) consolidating the cases against him. (Doc. No. 1.) In his objections to the R&R, filed on September 26, 2012, Petitioner raises the same two grounds included in his original petition. (Doc. No. 14.)

## *Legal Standard*

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommen-

dations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the Court need not review de novo the R&R. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

### *Discussion*

**I.    Juvenile Adjudications**

The Petitioner's first objection to the R&R asserts that his Sixth Amendment right to a jury trial was violated when the trial court used his non-jury juvenile adjudications as prior strikes to enhance his sentence. (Doc. No. 12, p. 5.) Additionally, Petitioner argues the trial court abused its discretion and imposed an unconstitutionally disproportionate sentence by declining to dismiss his prior juvenile adjudications. (Doc. No. 14, p. 4.)

As the R&R explains, there is currently no clearly established federal law as to whether non-jury juvenile adjudications can be used to enhance sentences for subsequent adult convictions. (Doc. No. 12, p. 7.) The United States Supreme Court has held prior convictions do not need to be submitted to a jury, and found beyond a reasonable doubt, to be used to enhance a penalty. (*Id*; *see Apprendi v. New Jersey*, 530 U.S. 466 (2000).) Whether the *Apprendi* holding extends to non-jury juvenile adjudications, however, remains undetermined. (*Id.*) Consequently, the Ninth Circuit has held that in the absence of clear direction from the United States Supreme Court, California courts' use of non-jury juvenile adjudications to enhance adult sentences cannot be contrary to, or an unreasonable application of, clearly established federal law. (*Id*; *see Boyd v. Newland*, 467 F.3d 1139 (9th Cir. 2006).) Accordingly, the state court's decision to use Petitioner's juvenile adjudications as prior strikes was not contrary to federal law and Petitioner has not proven the Court of Appeal's decision was otherwise unreasonable.

Additionally, the R&R concludes that Petitioner's objection asserting the trial court's abuse of discretion and the disproportionate sentence, does not present a federal question cognizable on habeas review. (Doc. No. 12, p. 9.) Federal courts cannot review state court decisions on state court law. (*Id.*) Moreover, Petitioner has not shown his sentence was so grossly disproportionate to the severity of his crimes to raise an Eighth Amendment issue. (*Id.*, p. 10.) When viewing Petitioner's case in comparison to other Supreme Court opinions upholding indeterminate sentences under the California Three Strikes law, it is clear that the Court of Appeal's judgement was not contrary to, nor an unreasonable

application of, clearly established federal law. (*Id.*, p. 11.) Thus, the Court finds Petitioner's first objection is without merit.

## II.     Consolidation of Cases

Petitioner also asserts the trial court erred by consolidating two cases against him. (Doc. No. 14, p. 5.) Petitioner states the prosecution was permitted to "confuse and overwhelm" the jury and consolidated the cases to "make the counts stronger as a whole, when in fact they were not a whole, they were separate events." (*Id.*) Petitioner additionally maintains that even if the trial court was correct in consolidating the cases at the time, the reviewing court "must still determine whether, in the end, the joinder of counts or defendants for trial resulted in gross unfairness depriving the defendant of due process" according to the factors set forth in *Alcala v. Superior Court*, 43 Cal.4th 1205 (2008). (*Id.,* p. 6.)

The R&R explains Petitioner's claim is barred from federal habeas review because the Court of Appeal found Petitioner failed to meet an adequate and independent state procedural requirement by not raising this objection in the trial court. (Doc. No. 12, p. 13.) Moreover, Petitioner has failed to demonstrate "cause for the default and prejudice, or that a fundamental miscarriage of justice would accompany this Court's decision not to consider the procedurally defaulted claim." (Doc. No. 12, p. 14.) Even if the Court were to reach the merits, however, Petitioner's claim based on the Court of Appeal's application of the *Alcala* factors is a state court decision on state law that is not appropriate for federal habeas review. (*Id.,* p. 15.) Additionally, there is no clearly established federal law concerning consolidation in criminal cases. (*Id.*) Thus, the Court of Appeal's decision to deny Petitioner's claim cannot be contrary to, or an unreasonable application of, clearly established federal law. The Court finds Petitioner's second objection to be without merit.

### *Conclusion*

Having reviewed the R&R, the Court finds it to be correct, and **ADOPTS** the Report and Recommendation in its entirety. The Court directs that judgment be entered **DENYING** the Petition for Writ of Habeas Corpus.

When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas

proceeding. 28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Here, the Court finds that reasonable jurists could not debate whether the petition should have been resolved differently and therefore **DENIES** the certificate of appealability.

**IT IS SO ORDERED.**

DATED: October 31, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge